UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BILLY MURPHY                                                                                          PLAINTIFF

V.                                                           CIVIL ACTION NO.: 3:11-cv-37-DPJ-FKB

LIBERTY MUTUAL INSURANCE COMPANY
AND MISSISSIPPI INSURANCE GUARANTY ASSOCIATION                DEFENDANTS

ORDER

This worker's compensation case is before the Court on Plaintiff Billy Murphy's Motion to Remand [2]. Defendant Liberty Mutual Insurance Company ("Liberty Mutual") has responded in opposition, alleging that the sole resident defendant, Mississippi Insurance Guaranty Association ("MIGA"), was improperly joined. Def.'s Resp. [8]. MIGA has moved for dismissal of Murphy's claims against it. Def.'s Mot. [6]. The Court, having considered the memoranda and submissions of the parties along with relevant authorities, concludes that Murphy's Motion to Remand should be denied and, further, that MIGA's Motion to Dismiss [6] should be granted.

I.    FACTS & PROCEDURAL HISTORY

Plaintiff Billy Murphy has had an ongoing worker's compensation claim for over ten years. He suffered a back injury in 2000 while employed by Mississippi Baptist Hospital and suffered another back injury in 2001 while employed by River Oaks Hospital. Although filed separately, the two claims were consolidated for hearing before the Mississippi Workers' Compensation Commission ("Commission") and the Administrative Law Judge ("ALJ"). Liberty Mutual was the worker's compensation carrier for River Oaks Hospital, and MIGA serviced worker's compensation claims for Reciprocal of America, the insolvent worker's compensation carrier for Mississippi Baptist Hospital.

From 2001 until 2009, Liberty Mutual and MIGA equally shared in disbursing weekly wage benefits to Murphy. Dispute arose, however, in summer 2009 over certain medical expenses. The matter was presented to the ALJ whose ruling was partially affirmed by the Full Commission. Aggrieved by the decision, both carriers appealed to the Circuit Court of Rankin County, Mississippi, which completely affirmed the Full Commission's ruling in November 2010. MIGA—but not Liberty Mutual—appealed the trial court's ruling, and the case is still pending before the Mississippi Supreme Court.

Following MIGA's appeal, Murphy filed a new suit against Liberty Mutual and MIGA in Hinds County, Mississippi. It is this cause of action that Liberty Mutual removed to federal court on the basis of diversity jurisdiction, citing the improper joinder of MIGA. In the Complaint before this Court, Murphy details the foregoing timeline of events in the underlying case, starting with his 2000 injury, ending with MIGA's appeal, and alleging bad faith delay in payment for medical expenses approved by the Full Commission, bad faith refusal to pay for a 2006 hospitalization as ordered by the Full Commission, and bad faith refusal to pay for aquatic therapy recommended by Murphy's physician.

Murphy now moves to remand his case back to state court, arguing the absence of complete diversity between MIGA and himself. Liberty Mutual opposes remand, arguing that MIGA was improperly joined because: (1) MIGA enjoys statutory immunity from liability for performance of its duties, (2) MIGA is statutorily precluded from paying punitive damages, and (3) Murphy failed to exhaust his administrative remedies against MIGA in the face of MIGA's pending appeal to the Mississippi Supreme Court. MIGA's Motion to Dismiss is based on the

same three grounds. Because the Court finds the first two arguments persuasive, it need not reach the merits of the third.

II.     STANDARD OF REVIEW

"The burden of demonstrating improper joinder is a heavy one and is placed on the party seeking removal." *Lorenz v. Tex. Workforce Comm'n*, 211 F. App'x 242, 245 (5th Cir. 2006) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). In evaluating a claim of improper joinder, the "appropriate test is whether there is any reasonable basis for predicting the plaintiffs might be able to recover against . . . the in-state defendant." *Love v. Ford Motor Co.*, 212 F. App'x 292, 294 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

The Court evaluates the factual allegations in the light most favorable to the plaintiff and resolves all ambiguities in controlling state law in the plaintiff's favor. *Lorenz*, 211 F. App'x at 246; *see also Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000). "In most cases, there is no improper joinder if a plaintiff can survive a Rule 12(b)(6) challenge." *Love*, 212 F. App'x at 294, n.3 (citing *Smallwood*, 385 F.3d at 573). The Court may, however, exercise discretion and "'pierce the pleadings and conduct a summary inquiry' to determine whether a plaintiff has 'misstated or omitted discrete facts that would determine the propriety of joinder.'" *Id.* Importantly, "'a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant.'" *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 310 (5th Cir. 2005) (quoting *Smallwood*, 385 F.3d at 573–574). It follows in the case at hand that Murphy's Complaint must include some viable claim against MIGA to prevail on the Motion to Remand.

III.     ANALYSIS

Murphy's suit against Liberty Mutual and MIGA alleges multiple acts of bad faith and seeks punitive damages for those acts. But because the MIGA statutes preclude any liability on the part of MIGA for performance of statutory duties, Murphy's bad-faith claim against MIGA is not viable. Further, because the same statutory guidelines also preclude payment of any punitive damages, Murphy's suit seeks damages that are not recoverable against MIGA. Murphy does not address, and thus apparently concedes, the statutory preclusion in his brief. This Court finds that the Mississippi statutes governing MIGA are outcome determinative.

Murphy plainly states in the Motion to Remand [2] that "[t]he gravam[e]n of the suit is based upon 'bad faith.'" Mot. to Remand [2] at 2. Indeed, the Complaint includes four counts of bad faith and a prayer for punitive damages. Because MIGA is an entity created, managed, and governed according to Mississippi statutes, the Court looks to the statutes and case law applying those statutes to determine the viability of Murphy's bad-faith claims.

"MIGA is an involuntary unincorporated association of insurers created by Miss. Code Ann. § 83-23-101 to -137 (1972 & Supp. 1988)." *Bobby Kitchens, Inc. v. MIGA*, 560 So. 2d 129, 131 (Miss. 1990). "Funds to support MIGA are collected by assessment of solvent insurance companies, and all insurance companies doing business in Mississippi are required to belong to the Association." *Id.* Significantly, "MIGA is statutorily prohibited from paying anything other than covered claims." *Id.* Section 83-23-133 states:

> There shall be no liability on the part of and no cause of action of any nature shall arise against any member insurer, the association, its agents or employees, the board of directors, or the commissioner or his representatives for any action taken or any failure to act by them in the performance of their powers and duties under this article.

Miss. Code Ann. § 83-23-133 (2010).  MIGA is immune.

Moreover, section 83-23-109 defines "covered claim[s]" and states that they "shall not include any amount awarded as punitive or exemplary damages." *Id.* § 83-23-109(f).  For this reason, the Mississippi Supreme Court has recognized that "MIGA is statutorily prohibited from paying punitive damages." *Miss. Ins. Guar. Ass'n v. Blakeney*, 54 So. 3d 203, 206 (Miss. 2011); *see also Bobby Kitchens*, 560 So. 2d at 134; *accord*.  In *Bobby Kitchens*, the court described the public policy behind MIGA's immunity from punitive damages, applying the rationale from a case involving the California Insurance Guaranty Association ("CIGA"):

> [I]f punitive damages are imposed on CIGA, the increased premiums would be spread among all insurers, and ultimately to all insureds, regardless of the culpability of the individual insurer.  There might indeed be a deterrent effect on CIGA; but compensatory damages will achieve that effect, without the possible devastating effect on the public.  Appellants are not entitled to recover punitive damages from CIGA.

560 So. 2d. at 134 (quoting *Isaacson v. CIGA*, 215 Cal. Rprtr. 652, 666–667 (Cal. Ct. App. 1985)).[1]

In the present case, Murphy's actual damages arising from his worker's compensation claim are not before this Court—they were determined in the underlying case now pending

---

[1] *Bobby Kitchens* interpreted an earlier version of § 83-23-133 and noted the potential for negligence and/or bad-faith actions against individual MIGA agents.  560 So. 2d at 134.  But the legislature amended section 83-23-133 in 1992 to remove that possibility.  *See* Miss. Code Ann. § 83-23-133 (2010).  The title to the bill plainly described the legislative intent:

> AN ACT TO AMEND SECTIO[N] . . .83-23-133 . . ., MISSISSIPPI CODE OF 1972, TO REVISE THE MISSISSIPPI INSURANCE GUARANTY ASSOCIATION LAW . . . TO PROVIDE THAT THE ASSOCIATION IS NOT LIABLE FOR ANY ACT OR ANY FAILURE TO ACT IN THE PERFORMANCE OF DUTIES; . . . .

(1992 Miss. Laws Ch. 412 (S.B. 2372)).

against MIGA before the Mississippi Supreme Court.  Murphy's bad-faith action before this Court seeks punitive damages arising from the manner in which Liberty Mutual and MIGA handled his claim—damages which are precluded in Mississippi.

IV.     CONCLUSION

Plaintiff has not demonstrated a reasonable basis for predicting that he might be able to recover against MIGA.  *Love*, 212 F. App'x at 294.  Finding no viable claim against MIGA, this Court concludes that MIGA has been improperly joined in this action.  Murphy's Motion to Remand [2] is DENIED, and MIGA's Motion to Dismiss [6] is GRANTED.

**SO ORDERED AND ADJUDGED** this the 29th day of July, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE
